IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KAREN FIGUEROA-RODRIGUEZ,

Plaintiff,

v.

INTERNATIONAL SHIPPING AGENCY, INC., et al.,

Defendants.

Civil No. 13-1752 (GAG)

OPINION AND ORDER

Karen Figueroa-Rodriguez ("Plaintiff") sued International Shipping Agency ("Intership"), David Segarra ("Segarra"), Jose Garcia ("Garcia"), Maria Caraballo ("Caraballo"), Anthony Vazquez ("Vazquez"), Jose Alfaro ("Alfaro"), their conjugal partnerships, and anonymous insurance companies (collectively "Defendants") for violations of 42 U.S.C. § 1985(2) and various Puerto Rico laws, specifically Law 80, P.R. LAWS. ANN. tit., 29 § 185a; Law 115, P.R. LAWS. ANN. tit., 29 § 194a, and; Article 1802, P.R. LAWS. ANN. tit., 31 § 5141. (See generally Docket No. 1.) Defendants moved to dismiss on various grounds. (Docket No. 18.) For the following reasons, the court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss at Docket No. 18.

I.  **Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45,

**Civil No. 13-1752 (GAG)**

48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. See generally Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49 (1st Cir. 2013). *Prima facie* elements "are part of the background against which a plausibility determination should be made." Id. at 54 (external citations omitted). "[T]he elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim." Id. (emphasis added).

**II.     Relevant Factual Background**

**Civil No. 13-1752 (GAG)**

The key players and events that transpired over approximately three weeks are as follows:

- Plaintiff directed human resources at Intership from 2005 to October 5, 2012, when she was terminated. (Docket No. 1 at 4.)
- She was named as a witness for the defense in U.S. v. Gomez, Crim. No. 11-241 (DRD) (D.P.R.). (Id. at 5.) On September 18, 2012, she received a subpoena to testify on September 24, 2012. (Id. at 6.)
- Plaintiff testified again on September 28, 2012. (Id.)
- "Days after [Plaintiff testified] on September 28, 2012," Garcia, Intership's Vice President of Operations, told Plaintiff she should not have been involved in the court process, and that she should have sent one of her assistants to testify. (Id. at 7.)
- On September 26, 2012, Plaintiff received a court order to provide certified copies of records by October 2, 2012. (Id. at 6.)
- Plaintiff and her staff began compiling the records on October 1, 2012. (Id. at 7.)
- Segarra, Vazquez, Caraballo, Garcia, and Alfaro requested that Plaintiff hand over the documents to them. (Id.)
- On October 2, 2012, Plaintiff certified the documents. (Id.) The next day in court, however, Alfaro produced the documents, but they did not bear Plaintiff's certification; rather, Caraballo's and Garcia's. Plaintiff learned this on October 3, 2012. (Id. at 8.)
- Upon reviewing the documents she had certified the day before, Plaintiff learned that they had been altered. (Id.) Plaintiff asserts that this action was Caraballo's and Garcia's joint effort to prevent her from testifying about the documents.
- Plaintiff testified on October 3, 2012, but did not elaborate on the documents because they were not the ones she certified. (Id.)
- That evening, the Assistant United States Attorney called Intership to discuss Plaintiff's testimony and learned that Plaintiff had been terminated because she testified against Intership. (Id. at 8-9.)
- Vazquez delivered Plaintiff a termination letter on October 5, 2012, even though Plaintiff had received no reprimands for poor job performance. (Id. at 9.)

**III. Discussion**

Defendants move to dismiss on several grounds: 1) failure to state a claim under 42 U.S.C. § 1985(2); 2) the nonexistence of individual liability under Law 80 and Law 115; 3) the specific nature of Law 115 compared to the general nature of Article 1802, and; 4) declining supplemental jurisdiction based on dismissal of all federal claims. The court denies the motion as to failure to state a claim under 42 U.S.C. § 1985(2) and, consequently, as to declining

**Civil No. 13-1752 (GAG)**

supplemental jurisdiction based on dismissal of all federal claims. The court grants the motion as to the individual Defendants based on the nonexistence of individual liability under Law 80 and Law 115. The court addresses these issues in turn.

    A.    <u>42 U.S.C. § 1985(2)</u>

> Section 1985(2), in relevant part, proscribes conspiracies to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified. The statute provides that if one or more persons engaged in such a conspiracy do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, . . . the party so injured . . . may have an action for the recovery of damages occasioned by such injury . . . against any one or more of the conspirators.

<u>Haddle v. Garrison</u>, 525 U.S. 121, 124 (1988). Termination from employment, regardless of whether an actual property interest in employment exists, may constitute an injury. <u>Id.</u> at 125-127. Defendants challenge three aspects of the Section 1985 claim: 1) no conspiracy exists; 2) no intimidation occurred, and; 3) no retaliation occurred. They also assert that the allegations as to Segarra and Alfaro are insufficient.

    Conspiracy exists when defendants take a series of actions depriving a plaintiff of a property interest that involve concerted activity necessary for their actions to be effective. <u>See</u> <u>Stathos v. Bowden</u>, 728 F.2d 15, 20 (1st Cir. 1984). Defendants aver that Plaintiff fails to allege concerted activity meant to intentionally intimidate or retaliate against Plaintiff. (Docket No. 18 at 10.) They rely on Plaintiff's failure to reference any communications, consultation, cooperation, or command from which a meeting of the minds occurred. Plaintiff, however, cannot be expected to have access to Defendants' communication records or cooperation from Defendants at this stage.

4

**Civil No. 13-1752 (GAG)**

The court is unconvinced by Defendants' motion.  Within about three weeks, and seemingly only because she testified and followed court orders, Plaintiff went from witness to jobless.  The complaint sets forth facts that plausibly indicate she was told not to testify and that she was terminated for testifying:  (1) Plaintiff was subpoenaed and testified, (2) Garcia told her she should not testify despite being subpoenaed; (3) she testified again and was ordered to produce certified documents; (4) all of the individual Defendants took the documents and changed them so Plaintiff could not certify them under oath; (5) someone from Intership told an Assistant United States Attorney that Plaintiff was fired for testifying, and; (6) Vazquez delivered Plaintiff's termination letter.  It looks and smells like, at various stages of the game, Segarra, Vazquez, Caraballo, Garcia, and Alfaro either told her not to testify despite being ordered to do so, altered the documents she was ordered to produce and had certified so as to hinder her ability to testify about them, or fired for testifying.  It is plausible that, given the narrow window of time during which these events transpired and the number of alleged perpetrators, Defendants, including Alfaro and Segarra, acted in concert with one another.  Discovery is warranted.

Defendants cite <u>Stathos</u> to substantiate the proposition that the First Circuit recognizes the intracorporate exception, i.e., employees of one corporation cannot conspire. (Docket No. 18 at 15.)  <u>Stathos</u>, written by Justice Breyer, actually casts a dark cloud over the exception that compels the court to find that the First Circuit has rejected it.  <u>See</u> 728 F.3d at 20-21.  The First Circuit counseled distinguishing the facts of each case when applying the exception, specifically noting that its origins lie in antitrust doctrine, a body of jurisprudence whose definition of "conspiracy" necessitates more than one corporation.  <u>Id.</u>  However, the court delineated between

antitrust conspiracy and conspiracy under Section 1985, finding Section 1985 conspiracy to not require multiple corporations. Id. at 21.

The First Circuit stated:

> Where 'equal protection' is at issue . . . one cannot readily distinguish in terms of harm between the individual conduct of one enterprise and the joint conduct of several. Nor can one readily identify desirable social conduct as typically engaged in jointly by the officers of a single enterprise. Thus, the boundaries of an 'intracorporate' exception [in Section 1985] should be narrower than in antirust. Indeed, we do not see why they should extend -- if at all – beyond the ministerial acts of several executives needed to carry out a single discretionary decision.

Id. (citations omitted). This rebuff of the intracorporate exception binds the court and the motion to dismiss as to the Section 1985 claim is **DENIED.**

B. No Individual Liability under Law 80 and Law 115

Several cases, including those Defendants cite, elucidate that no individual liability under Law 80 exists. See e.g., Paz-Rodriguez v. Island Wide Logistics, Civ. No. 12-1153 (CCC), 2013 WL 496099, *3 (D.P.R. Feb. 7, 2013). Defendants' motion from this perspective is **GRANTED** and the individual Defendants are **DISMISSED** as to this claim. Defendants also bring to light an uncertainty over whether Law 115 imposes individual liability. Whether this is correct as a matter of law has no bearing on discovery or this litigation before the summary judgment stage and the motion is **DENIED without prejudice.** Plaintiff shall so inform the court whether she believes Law 115 applies to individuals by February 11, 2014.

C. Specific Versus General: Law 115 and Article 1802

Defendants argue that Article 1802 is inapplicable because Law 115, a more specific labor law, covers the conduct for which Plaintiff seeks damages. Defendants, in principle, state an accurate legal position. However, this motion is **DENIED without prejudice** and Plaintiff

**Civil No. 13-1752 (GAG)**

shall either amend the complaint to state with greater specificity why Article 1802 and Law 115 claims may co-exist or remove the Article 1802 claim. Plaintiff is afforded until February 11, 2014, to do so.

### IV.  Conclusion

For the reasons discussed above, the court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss at Docket No. 18.


SO ORDERED.

In San Juan, Puerto Rico this 23rd day of January, 2014.


/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge